NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORDECHAI ROSENTHAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING LLC,<br><br>Defendant. | Civ. No. 16-1048<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion to dismiss the Amended Complaint (ECF No. 25) brought by Defendant SharkNinja Operating LLC ("Defendant"). (ECF No. 27). Plaintiff Mordechai Rosenthal ("Plaintiff") opposes. (ECF No. 28). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion to dismiss will be granted.

## BACKGROUND

Plaintiff's allegations are as follows: Defendant is a company that manufactures, markets, and sells vacuums through a network of retailers and distributors. On or about April 25, 2014, Plaintiff purchased one of Defendant's vacuums from a Walmart store located in Howell, New Jersey. Plaintiff purchased the vacuum in part due to Defendant's pervasive advertising of the vacuum as a quality and reliable product. The vacuum came with a five-year limited warranty.

On or about December 18, 2015, Plaintiff began experiencing problems with his vacuum. In particular, the vacuum would not turn on after he plugged it into an outlet in his home, despite

1

having worked a few minutes earlier when plugged into another outlet. Plaintiff called Defendant's customer service center to troubleshoot the problem. The customer service representative advised that the vacuum's motor had overheated and told Plaintiff that he should unplug the vacuum and wait forty-five minutes before plugging it back in and turning it on.

Sometime after Plaintiff had unplugged the vacuum for forty-five minutes, Plaintiff's wife, Sara Rosenthal ("Mrs. Rosenthal"), plugged the vacuum into an outlet and turned it on. The vacuum appeared to work for a few minutes and then shut off. Mrs. Rosenthal unplugged the vacuum and plugged it in again. The vacuum started, but then the plug in the outlet began to smoke. Mrs. Rosenthal saw sparks and flames coming out of the outlet. Mrs. Rosenthal immediately switched off the vacuum and pulled out the plug, but one of the plug's prongs detached and remained in the outlet. When Plaintiff returned home, he used needle nose pliers with a rubber end to pull out the prong that was stuck in the outlet. Subsequent testing of the outlet indicated that the outlet was functioning properly. However, as a precaution, Plaintiff and his family have not used the outlet since this incident. Plaintiff purchased a replacement vacuum because the vacuum is no longer operational and Plaintiff believes that it is a safety hazard.

Plaintiff alleges that Defendant was aware of this vacuum's electrical defects and tendency to malfunction but failed to disclose these facts to Plaintiff and other vacuum purchasers. Consequently, on February 24, 2016, Plaintiff filed a class action complaint against Defendant, claiming that Defendant violated the New Jersey Consumer Fraud Act (CFA). On June 1, 2016, Defendant filed a motion to dismiss, which was granted on August 1, 2016. (Am. Op. Sept. 22, 2016, ECF No. 26; Order, ECF No. 24). Plaintiff filed an Amended Complaint on September 8, 2016, which Defendant moved to dismiss. (Mot. Br., ECF No. 27). This motion is presently before the Court.

While Defendant fails to specify the basis of its motion to dismiss, based on the arguments made, the Court construes Defendant's motion to dismiss as a motion under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court to reasonably infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

## ANALYSIS

Defendant argues that the complaint should be dismissed because Plaintiff fails to state a claim under the CFA.

3

To state a claim under the CFA, a plaintiff must allege sufficient facts to demonstrate: "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 97 (D.N.J. 2011). The CFA recognizes three types of unlawful conduct: affirmative misrepresentations, knowing omissions, and regulation violations. *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 373 (D.N.J. 2015). Defendant argues that Plaintiff fails to adequately allege an affirmative misrepresentation, knowing omission, ascertainable loss, or causation.

### I. Ascertainable Loss

Because this was the focus of this Court's prior opinion dismissing the original complaint, the Court will first address the adequacy of Plaintiff's pleading regarding his ascertainable loss.

To establish an ascertainable loss under the CFA, a plaintiff must plausibly allege either out-of-pocket loss or a demonstrated loss in value. *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792 (N.J. 2005). "[A] claim of loss in value must be supported by sufficient evidence to get to the factfinder. To raise a genuine dispute about such a fact, the plaintiff must proffer evidence of loss that is not hypothetical or illusory." *Id.* A plaintiff need not actually spend the money for repairs; rather, "an estimate of damages, calculated with a reasonable degree of certainty," will suffice. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994). A plaintiff's payment of the purchase price of the product does not meet the ascertainable loss requirement; the replacement price of the product, not the purchase price, constitutes the plaintiff's ascertainable loss. *Shannon v. Howmedica Osteonics Corp.*, No. 09-4171, 2010 WL 421096, at *3 (D.N.J. Feb. 1, 2010); *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008

WL 141628, at *4 (D.N.J. Jan. 14, 2008); *see also Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 442 (N.J. 2004).

In this Amended Complaint, Plaintiff alleges an ascertainable loss of the purchase price of the vacuum at issue ($149.99) and shipping costs to obtain a replacement or return under the warranty (a minimum of $78.64). (Am. Compl. ¶ 34, ECF No. 25). As stated in this Court's prior Opinion and discussed above, the purchase price of the vacuum is not an "ascertainable loss" under the law. *See Shannon*, 2010 WL 421096, at *3; *Parker*, 2008 WL 141628, at *4. Thus, the only alleged ascertainable loss is the $78.64 for shipping costs.

Defendant argues that this alleged cost is insufficient because Plaintiff did not actually pay it; he only alleged that he would have had to pay these shipping costs if he pursued Defendant's warranty replacement or return option. (Mot. Br. at 15–16, ECF No. 27-1).

Defendant's argument fails because the New Jersey Supreme Court, whose findings govern the law at issue, has found that a plaintiff need not actually spend the money for repairs; rather, "an estimate of damages, calculated with a reasonable degree of certainty," will suffice. *Cox*, 647 A.2d at 464. Thus, Plaintiff has alleged an ascertainable loss.

## II. Unlawful Conduct

Defendant challenges Plaintiff's allegations of affirmative misrepresentations and knowing omissions. The Court did not address either of these elements of Plaintiff's claim on Defendant's first motion to dismiss. The Court will address each in turn.

It is well-established that claims under the CFA must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See, e.g.*, *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007); *Arcand v. Brother Intern. Corp.,* 673 F.Supp. 2d 282 (D.N.J. 2009). Pursuant to that rule, a plaintiff alleging fraud must state the circumstances of the alleged fraud with particularity.

Fed.R.Civ.P. 9(b); *Klein v. Gen. Nutrition Companies, Inc.*, 186 F.3d 338, 344 (3d Cir. 1999). This requirement is intended "to place the defendants on notice of the precise misconduct with which they are charged." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Specifically, the plaintiff must plead or allege the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico,* 507 F.3 at 200.

### A. Affirmative Misrepresentation

To constitute an affirmative misrepresentation under the NJCFA, the statement must be: (1) material to the transaction; (2) a statement of fact; (3) found to be false; (4) and calculated to induce the buyer to make the purchase. *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 607, 691 A.2d 350, 366 (1997); *Hammer v. Vital Pharm., Inc.*, 2012 WL 1018842, at *5 (D.N.J. Mar. 26, 2012). "A statement of fact is material if: (a) a reasonable person would attach importance to its existence in determining a choice of action ...; or (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it." *Hammer v. Vital Pharm., Inc.*, 2012 WL 1018842, at *5. "[M]isrepresentations made to the public generally but not the plaintiff do not bear a sufficient nexus to an individual plaintiff's purchase and loss to satisfy the Consumer Fraud Act…" *Smailaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011). Furthermore, while the plaintiff need not prove reliance, for CFA claims based on affirmative representation there must be "a direct causal connection between the misrepresentation and the plaintiff's defeated expectations about the product." *Id.*; *Peruto v. Timbertech Ltd.*, No. CV 15-2166, 2015 WL 8664276, at *4 (D.N.J. Dec. 10, 2015).

In this case, Plaintiff alleges that he was exposed to "pervasive advertising" and as a result, he believed Defendant's vacuum was reliable and high quality and came with a warranty. (Am. Compl. ¶¶ 24, 25, ECF No. 25; Opp'n at 21, ECF No. 28). The advertising, reputation, and the warranty influenced Plaintiff's decision to purchase the Defendant's vacuum. (*Id.*). He purchased it at a Walmart in Howell, New Jersey. (Opp'n at 21, ECF No. 28).

The fact that advertisements existed and were "pervasive" is insufficient to establish a nexus to Plaintiff's purchase. Furthermore, Plaintiff fails to allege some false fact, content of the alleged misleading material, some specificity of what he saw or where he saw it, or some other detail about his experience that caused his reliance and loss. Thus, this allegation is insufficient to establish an unlawful affirmative misrepresentation.

Plaintiff also alleges that the warranty itself assured Plaintiff of the vacuum's reliability and quality. (Am. Compl. ¶¶ 24–27, 31–33, ECF No. 25; Opp'n at 22, ECF No. 28). Specifically, Plaintiff alleges that the warranty promises repair or replacement of defective vacuums anytime within five years of purchase. (Am. Compl. ¶ 26, ECF No. 25). Plaintiff is unclear whether the warranty required the customer to pay to-and-from return shipping costs (*id.* ¶ 11, ECF No. 25), or if it promised repair or replacement for defective vacuums and was silent about where the costs would lie (*id.* at ¶26).

In order to state a claim for unlawful affirmative representation in a warranty, a plaintiff has to refer to: (1) a specific broken promise in the warranty (*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 459 (N.J. 1994)); (2) evidence of a defendant refusing to provide the remedies promised in the warranty (*Peruto v. Timbertech Ltd.*, 2015 WL 8664276, at *1 (D.N.J. Dec. 10, 2015); *Mickens v. Ford Moto Co.*, 900 F. Supp. 2d 427, 431 (D.N.J. 2012)); or (3) evidence that the "manufacturer was not in good faith insuring against a risk, but that it actually knew with

certainty that the product at issue or one of its components was going to fail" (*Mickens v. Ford Moto Co.*, 2015 WL 5310755, at *8 (D.N.J. Sept 10, 2015) (citing *Tatum v. Chrysler Grp., LLC*, 2011 WL 1253847, *5 (D.N.J. March 28, 2011)), *appeal dismissed* (Oct. 21, 2015)).

A five-year warranty is insufficient to serve, alone, as an affirmative representation of the product's reliability sufficient to support an action under the CFA. Furthermore, Plaintiff does not allege that the warranty promised repair or replacement "without cost." Thus, Plaintiff has failed to state a claim that Defendant broke a specific warranty promise when Defendant required Plaintiff to pay for shipping of his repair or replacement. Second, Plaintiff does not allege facts that Defendant refused to provide remedies promised in the warranty other than requiring the payment of shipping costs, which is insufficient as addressed above. Lastly, Plaintiff has presented no evidence that Defendant was not in good faith insuring against a risk and knew with certainty that the product or one of its components was going to fail. Therefore, even accepting all of Plaintiff's well-pleaded factual allegations as true, Plaintiff fails to allege facts that support a claim based on affirmative misrepresentation.

### B. Knowing Omissions

An omission "occurs where the defendant (1) knowingly concealed (2) a material fact (3) with the intention that the consumer rely upon the concealment." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 441 (D.N.J. 2012). The plaintiff must show the defendant acted with knowledge of the defect and intent to defraud. *McQueen v. BMW of N.Am., LLC*, 2014 WL 656619, at *4 (D.N.J. Feb. 20, 2014). Rule 9(b) permits intent and knowledge to be alleged generally; however, "[e]ven under a relaxed application of Rule 9(b), boilerplate and conclusory allegations will not suffice." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997); *Peruto*, 2015 WL 8664276, at *3. The Court is mindful of the Third Circuit's

directive that "in applying Rule 9(b), courts should be sensitive to situations in which sophisticated defrauders may successfully conceal the details of their fraud." *In re Able Labs. Sec. Litig.*, Civ. 05-2681, 2008 WL 1967509, at *11 (D.N.J. Mar. 24, 2008) (quoting Burlington Coat Factory, 114 F.3d at 1418). A plaintiff must simply present general allegations of knowledge sufficient to support an inference of "what defendant is alleged to have known and when." *In re AZEK Building Prods., Inc. Marketing and Sales Practices Litig.*, 82 F. Supp. 3d 608, 623 (D.N.J. 2015). It is insufficient for a plaintiff to allege that the defendant "must have known" about the defect. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999), *abrogated on other grounds by* 551 U.S. 308 (2007).

Plaintiff alleges Defendant knew about known defects in the product because of numerous online reviews on the Walmart, Amazon, Google Shopping, ConsumerAffairs, and YouTube websites complaining of the same problem. (Am. Compl. ¶ 14, ECF No. 25). Plaintiff claims that, despite that knowledge, Defendant failed to disclose and/or concealed the known defect and safety risks relating thereto, misrepresented the abilities and qualities of the Vacuum in its marketing and advertising, and failed to disclose and/or intentionally concealed that the Vacuum was of merchantile quality.

These postings are not directed to Defendant and Plaintiff does not allege any complaints directed at Defendant, which could establish Defendant's awareness of the defect. It is not enough to allege that Defendant had to have been aware of the complaints. (Am. Compl. ¶ 14, ECF No. 25). Thus, even construing all facts in the light most favorable to the plaintiff, Plaintiff fails to allege facts that could support a claim of knowing omission.

### III. Causal Connection

The Court does not reach the issue of causal connection because Plaintiff has failed to state a claim of unlawful conduct.

### CONCLUSION

For the reasons above, Defendant's motion to dismiss will be granted. A corresponding order will follow.

**Date:** *12/16/16*                                   */s/ Anne E. Thompson*
                                                                    ANNE E. THOMPSON, U.S.D.J.